LOUIS ZEMEL, PLAINTIFF-RESPONDENT, v. COMMERCIAL WAREHOUSES, INC., A CORPORATION, DEFENDANT-APPELLANT.

Argued October 20, 1944—Decided January 4, 1945.

For the plaintiff-respondent, *Louis Zemel* and *Louis J. Miller*.

For the defendant-appellant, *Archibald Kreiger* and *A. Leon Kohlreiter*.

The opinion of the court was delivered by

CASE, J. The appeal is from a judgment of the Supreme Court whose opinion, sufficiently stating the facts, is reported in 132 *N. J. L.* 14. The case—an action for conversion—was there on appeal by the present respondent from a judgment against him in the Clifton District Court.

The decision in *Ward* v. *Huff*, 94 *N. J. L.* 81, was accepted by both the District Court and the Supreme Court and is accepted before us by both litigants as stating the correct rule as to damages in an action for conversion. The statement there is this: "The rule is settled and peculiar to this form of action that damages are limited to the value of the chattel converted, and interest thereon from the date of conversion." See, also, *Taylor* v. *Brewer*, 94 *N. J. L.* 392. In *Longstreet* v. *Phile*, 39 *Id.* 63, that was said to be the general rule, subject, however, to exceptions; the illustrative exceptions there recited being in favor of the party charged with the conver-

sion under named conditions, such conditions being of a sort with the allowance made to appellant herein for its storage charges. "The normal measure of damage in conversion is the value of the goods at the time the conversion occurs," *Schomer* v. *Hoffman* (*Court of Errors and Appeals*), 102 *Id.* 347; the *market* value, *Lebkeucher* v. *Pennsylvania Railroad Co.*, 97 *Id.* 112.

The conversion was of six drums of denatured alcohol and occurred on January 27th, 1943. There was some wavering evidence on the part of the defendant that at *about* that time, although alcohol was scarce and there was no free market, there was nevertheless a *little* to be had. The District Court, however, made no finding that alcohol was to be had in the wholesale market, and it is clear that plaintiff made diligent inquiry and was unable to find any. The case turns, not upon the procurability *vel non* of alcohol in the wholesale market, but upon whether plaintiff, being a retail dealer, was to be held to the O. P. A. ceiling price from wholesalers to retailers of 87 cents a gallon or could recover at the rate of $1.40 a gallon which was the prevailing price in the only market where alcohol was to be had, namely, the retail sales market. The District Court considered that recovery was limited by our cases to the price of 87 cents; the Supreme Court held that the damages should be assessed at the rate of $1.40 a gallon so that the plaintiff might be compensated for the sales that he had lost at that figure.

We are of the opinion that the value should be computed at $1.40 a gallon but not upon the theory of either lost sales or lost profits, the former of which, in this instance, appears to involve the latter. We find no reason for varying the recovery from the normal measure of damages stated above. Our view is that, without regard to profits, the recoverable value of the alcohol, which was a standardized commercial article, was the price at which it could be replaced in the market, market meaning, in this connection, that phase of commercial activity in which articles are bought and sold. To which of course should be added, as was added, and about which as a recoverable element there is no dispute, the item of interest. It is a meaningless use of formula to say, as

appellant contends, that the measure of recovery was the value in the wholesale market when there was no such market. The O. P. A. ceiling prices were not promulgated to protect one who converts another's property from making the owner whole in accordance with the established rule of recovery.

The judgment of the Supreme Court will be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, CASE, BODINE, DONGES, PERSKIE, PORTER, WELLS, RAFFERTY, HAGUE, THOMPSON, DILL, JJ. 12.

*For reversal*—None.